[Civ. No. 9258.   Third Dist.   May 19, 1958.]

OSCAR E. REEG et al., Respondents, v. H. E. WEST et al., Defendants; NICK NEILSEN, Appellant.

Max H. Hoseit for Appellant.

Russell F. Milham for Respondents.

PEEK, J.—Defendant appeals from a judgment arising out of an action instituted by plaintiffs under the provisions of section 720 of the Code of Civil Procedure.

The facts are not in dispute.  On December 20, 1954, plaintiffs recovered a money judgment in the sum of $4,250 and

costs against Howard and Sam Neilsen, a partnership doing business as Neilsens Mill. On July 6, 1956, the partners assigned all of the money due them from the Placerville Lumber Company to Nick Neilsen, their father. This assignment was not recorded until August 9, 1956, and subsequent to plaintiffs' present action which was filed on July 27, 1956. Plaintiffs' action was based on the alleged invalidity of the assignment as to them by reason of defendant's failure to comply with sections 3017 through 3029 of the Civil Code. On July 30, 1956, a restraining order was issued restraining the lumber company from disbursing any of the funds in its hands subject to the assignment. The trial court found in favor of plaintiffs and entered its judgment declaring the assignment invalid as to them and ordering the lumber company to pay to plaintiffs the sum of $4,112.33 in full satisfaction of plaintiffs' prior judgment out of the sum of $4,848 then owing on said account and in the hands of the lumber company.

Defendant now contends (1) that the assignment was valid as against plaintiffs, and (2) that in any event the amount of recovery should be limited to the sum of $2,714.99, the sum set forth in plaintiffs' complaint.

Section 3018 of the Civil Code provides in part that "... an assignment of an account shall be invalid as against any creditor of the assignor without actual notice unless notice of or intention to make the assignment as provided for in this chapter is filed at the time of or before the execution of the assignment or within five days thereafter."

Here the record shows that plaintiffs were judgment creditors of Howard and Sam Neilsen for more than one and one-half years prior to the assignment to Nick Neilsen. Defendant, however, contends that because plaintiffs' counsel had on previous occasions represented the lumber company, and through that representation obtained information concerning the assignment which plaintiffs' counsel admits, such knowledge was therefore the knowledge of plaintiffs in the present proceeding. Under the facts disclosed herein it would appear that whether or not plaintiffs' counsel knew of the assignment would be of no value to defendant since what knowledge if any counsel obtained was by reason of his prior sporadic representation of one of the defendants herein, the Placerville Lumber Company. Certainly any information so obtained and under such circumstances could not be imputed to plaintiffs. (5 Am.Jur., § 76, p. 304.)

The basis of defendant's second contention is that plaintiffs' recovery must be limited to that amount actually prayed for, and hence the judgment must be modified accordingly. It appears that the sum specified was the sum owing by the lumber company to Howard and Sam at the time of the issuance of the restraining order. In the interim this sum increased to over $6,000. By reason of the restraining order and a stipulation of the parties, the balance was to be kept at not less than $4,500. The prayer to plaintiffs' complaint requested:

. . . . . . . . . . . . .

"2. That PLACERVILLE LUMBER COMPANY account, under the direction of the Court, for all properties, funds, monies or credits in its hands belonging to the said HOWARD NEILSEN and SAM NEILSEN, or either of them, and be directed to pay the said sum of TWO THOUSAND SEVEN HUNDRED FOURTEEN and 99/100 DOLLARS ($2,714.99), and any other sums due at the time of such examination, to plaintiffs.

"3. That the judgment of plaintiffs in Action No. 7471 be satisfied out of said monies, funds or credits."

We cannot say that the prayer was not sufficiently broad to warrant the judgment as entered by the court.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.